IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00810-BNB-MJW

JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan corporation,

Plaintiff,

v.

KAREN KIPPER-TOMKE,
KRISTA N. KIPPER-TOMKE, and
KATIE KATHLEEN KRUMM,

Defendants.

_____

**ORDER**
_____

This matter arises on **Defendant Katie Kathleen Krumm's Motion for Attorneys' Fees and Costs Pursuant to D.C.COLO.LCivR 54.3** [Doc. # 59, filed 11/4/2013] (the "Motion for Attorneys Fees"). The Motion for Attorneys fees is unfounded and is DENIED.

This case began as an interpleader. The interpleader plaintiff, Jackson National Life Insurance Company ("Jackson Life"), issued an annuity to Craig Tomke. Mr. Tomke died on December 12, 2012. The annuity listed Mr. Tomke's daughters, Katie Kathleen Krumm ("Kathleen") and Krista Kipper-Tomke ("Krista"), as the primary beneficiaries. Mr. Tomke's wife at the time of his death, Karen Kipper-Tomke ("Karen"), made a claim under the annuity, writing to Jackson Life:

> As a result of reviewing the above referenced annuity transferred from Bankers Life and Casualty I am contesting its validity as to the time & date the contract was signed, the beneficiaries are assigned with no witnesses and no Notary Public present for true and correct facts. My husband was very sick. Hospice was with us all last year.

> Enclosed please find a Court Authorization for Financial Disclosure signed buy Craig T. Tomke in Routt County Court, Case No. 12DR60. I was still Craig's wife at the time of his death on December 12, 2012. We were married in 1998. As you are also aware Colorado is a 50/50 state. Katie Krumm has been out of his trust for many years for various money reasons. She just cam back into his life the beginning of 2012.
>
> The Automatic temporary Injunction - by order of the Court reads: You are restrained from transferring, encumbering, concealing or in any way disposing of, without the consent of the other party or a Order of the Court, any marital property, except in the usual course of business or for the necessities of life. Each party is required to notify the other party of any proposed extraordinary expenditures and to account to the court for all extra ordinary expenditures made after the injunction is in effect.

Karen's Letter [Doc. # 59] at p. 12 of 65.

Based on Karen's Letter, Jackson Life responded that it "is not in a position to judge the merits of the rival claims" and that it would commence an interpleader through which those claims could be resolved. Jackson Life's Letter [Doc. # 59] at p. 37 of 65.

After depositing the disputed res into the registry of the court, Jackson Life sought to be dismissed and the award of its attorneys fees in commencing the interpleader action. Motion [Doc. # 39]. Kathleen initially opposed Jackson Life's fee application, arguing that it was excessive. Response [Doc. # 37]. Subsequently, however, all parties stipulated to the dismissal of Jackson Life and to the award of its fees in the amount of $12,202.50, "which are to be paid out of the policy benefits deposited with the Registry of the Court." Stipulation [Doc. # 45] at ¶3.

The parties eventually stipulated to the dismissal of this case, preferring to have the matter resolved in the District Court of Routt County, Colorado, where Mr. Tomke's estate is

being probated.  Stipulation for Dismissal [Doc. # 54].  Now, Kathleen seeks an order of this court "(1) directing [Karen] to reimburse the Interpleader Fund for all of the fees and costs paid to counsel for Jackson [Life]; and (2) directing [Karen] to pay [Kathleen's] reasonable attorneys' fees and costs for defending this action. . . ."  Motion for Attorneys Fees [Doc. # 59].

In support of the Motion for Attorneys Fees, Kathleen relies principally on Prudential-Bache Securities, Inc. v. Tranakos, 593 F. Supp. 783 (N.D. Ga. 1984), and cases cited there.  In Tranakos, the trial court ruled:

> Typically, the award [of the interpleader plaintiff's attorneys fees and costs], if made, is imposed against the party who has benefited from the interpleader action (and taken out of the interpleader fund); however, in some cases, a court may tax the losing claimant directly when his or her conduct justifies doing so.
>
> * * *
>
> [T]he court finds that the United States should be taxed with these fees and costs because it is the "losing claimant" in this action and because it acted unreasonably in trying to enforce the notices of levy once it had in its possession evidence which established that Tranakos was not the beneficial owner of the accounts. . . .  The levies were eventually released based on information known to the IRS long before the February, 1983, "final demands" were made and long before the instant interpleader action was commenced.

Id. at 785-87.

Kathleen already has agreed and stipulated that the attorneys fees and costs incurred by Jackson Life "are to be paid out of the policy benefits deposited with the Registry of the Court." Stipulation [Doc. # 45] at ¶3.  She has asserted no grounds that would justify revoking her previous stipulation.

Nor do I find that Karen's conduct in this case was unreasonable and justifies shifting to her the attorneys fees of either Jackson Life or Kathleen.  It is apparent that there is a dispute among Karen, Kathleen, and Krista as to which among them is entitled to the annuity res,

whether based on the state divorce injunction, Mr. Tomke's competency to designate beneficiaries, Karen's entitlement to an elective share, or otherwise. Kathleen's strategy has been to obtain control of those proceeds while the dispute is resolved, risking waste. See Defendant Katie Kathleen Krumm's Motion to Dismiss [Doc. # 47] at pp. 7-8 (arguing that "if this Court dismisses the Complaint and the request for a stay contained therein, then this Court should order Defendants Kathleen Krumm and Krista Kipper-Tomke each to submit a separate proposed order and completed IRS Form W-9 in compliance with D.C.COLO.LCivR 67.2(d), which proposed order shall direct the release of the half of the interpleader fund to the Defendant submitting the Order"). Karen, by contrast, has taken reasonable steps to protect the res of the annuity in a court registry until the dispute is resolved.

Nor is it apparent that Karen's various early claims to invalidate the designation of Kathleen and Krista as beneficiaries were meritless. In particular, there has been no determination that Mr. Tomke was competent at the time he designated beneficiaries, and the evidence relied on by Kathleen to show competency is far from indisputable.

IT IS ORDERED that the Motion for Attorneys Fees [Doc. # 59] is DENIED.

Dated December 30, 2013.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge